

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 19, 2021

<u>BY ECF</u>

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Michael R. Weigand*, 20 Cr. 510 (WHP)

Dear Judge Pauley:

  In September 2020, the defendant pleaded guilty to making false statements about, among other things, his involvement in the Silk Road website, and in December 2020, he was sentenced principally to eight months' imprisonment and three years of supervised release. (Dkt. 12). Earlier today, defense counsel submitted a letter that (1) attached two post-sentencing writings of the defendant; (2) stated that the defendant wanted to supplement the record with those two writings, but "is not seeking any relief or court intervention at this time"; and (3) reported that the defendant stands by his guilty plea and intends to surrender to serve his sentence, as scheduled, in ten days. (Dkt. 16). One of the defendant's post-sentencing writings states, in relevant part:

    Mr. Neff misled the court during sentencing.

    Mr. Neff willfully & knowingly misrepresented the facts to the court when he declared that I was 'sneaking through Canada to avoid detection.' Mr. Neff was in possession of the complete air travel itinerary detailing that the flights to London originated in Cleveland, and the flights on the return trip ended in Cleveland.

(Dkt. 16-1, at 1). These allegations are false and are contradicted by the record. First, the Government's sentencing letter and the sentencing transcript in this case reveal that the purportedly offending statement (*"sneaking through Canada to avoid detection"*) was never made—but there were clearly several objective indicia of furtiveness. (*See* Dkts. 9, 14). Next, as for the defendant's allegation regarding his flights originating and ending in Cleveland, the Government's sentencing letter made that point directly: "a trip was booked from Cleveland to London in Weigand's name, but using the credit card of Weigand's relative . . . . In addition, Weigand flew through Toronto on his trip to and from London." (Dkt. 9, at 9). Thus, the Government affirmatively made the very point that the defendant appears to accuse the Government of hiding. And this information appears in the PSR, as well. (*See* Dkt. 11, ¶ 33 (final PSR); Dkt. 13, ¶ 33 (revised final PSR)). Of course, as the Government's sentencing letter noted, the purpose and timing of this trip to London was the key point: The defendant flew to London to remove Silk Road evidence from co-conspirator Roger Thomas Clark's London residence only days after the Government revealed that it had been able to access Ross Ulbricht's laptop computer—a clear effort by the defendant to

Hon. William H. Pauley III                                                            Page 2
United States District Judge

obstruct the investigation, which he subsequently lied about.  In sum, the Government stands by
its submission, and its in-court statements, in all respects.

      Like the defense, the Government seeks no Court action at this time, but the Government
felt it necessary to correct the record.

                            Respectfully submitted,

                            AUDREY STRAUSS
                            United States Attorney
                            Southern District of New York

By: _____
                            Michael D. Neff
                            Assistant United States Attorney
                            (212) 637-2107

cc:     Avrom J. Robin, Esq. (via ECF)